IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

In Re:

MELISSA ANNE PARISI

Debtor(s)

Case No. 1:18-bk-80394

Chapter 7

Honorable Thomas M. Lynch

## SECOND AMENDED MOTION FOR AN ORDER OF CONTEMPT AGAINST ROLANDO J. OCHOA AND FOR THE IMPOSITION OF SANCTIONS FOR THE WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION

NOW COMES MELISSA ANNE PARISI (the "Debtor"), through counsel, SULAIMAN LAW GROUP, LTD., pursuant to 11 U.S.C. § 105, moving this Court for an order of contempt against ROLANDO J. OCHOA ("Mr. Ochoa"), and for the imposition of sanctions for the willful violation of the discharge injunction, and in support thereof, stating as follows

1. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 157(a) and 1334(b). Venue is proper pursuant to 28 U.S.C. § 1408(1).

2. This matter is also a core proceeding because it concerns this Court's enforcement of its own order – i.e., the Discharge Order. *See*, e.g., *In re Kewanee Boiler Corp.*, 270 B.R. 912, 917 (Bankr. N.D. Ill. 2002) ("[B]ankruptcy courts have core jurisdiction to interpret and enforce their orders.").

3. This particular dispute is also a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O) because it is a matter that affects the relationship between the Debtors and a creditor.

*See* 4 *Collier on Bankruptcy*, ¶ 524.02[2][c] at 524-27 (16th ed. 2013) ("A proceeding to enforce the discharge injunction is a core proceeding under section 157(b)(2)(O) of title ….").

4. Finally, this dispute is core under the wide-ranging "catch-all" language of 28 U.S.C. § 157(b)(2) because the dispute would not arise but for the existence of the bankruptcy case. *See Southmark Corp. v. Coopers & Lybrand* (*In re Southmark Corp.*,), 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").

5. On January 1, 2017, Mr. Ochoa loaned his girlfriend, the Debtor, approximately $2,100.00 paying for the Debtor's bankruptcy attorney's fee.

6. On February 28, 2018, the Debtor initiated a bankruptcy case by filing a Chapter 7 petition [Doc. 1].

7. The Debtor failed to list Mr. Ochoa on her List of Creditors. The Debtor also failed to list Mr. Ochoa on her Schedule F [Doc. 1].

8. Consequently, Mr. Ochoa did not receive notice of the Debtor's bankruptcy case at this time.

9. On June 19, 2018, this Court issued an Order granting the Debtor a discharge (the "Discharge Order") [Doc. 13]. On June 22, 2018, the case was closed [Doc. 15].

10. Section 727(b) of the Bankruptcy Code, 11 U.S.C. § 727(b), defines the scope of a Chapter 7 debtor's discharge.

11. Under that section, the discharge "discharges the debtor from *all* debts that arose before the date of the order for relief."

12. The operative word is "all". There is nothing in Section 727 about whether the debt is or is not scheduled.

13. So far as that section is concerned, a pre-bankruptcy debt is discharged, whether or not it is scheduled.

14. This Court's Order of Discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset … as a personal liability of the debtor" any debt discharged under section 727(a). 11 U.S.C. § 524(a)(2).

15. Subsequent to this Court's Order of Discharge, irreconcilable differences ascended between Mr. Ochoa and the Debtor causing them to breakup.

16. On October 2, 2018 – three months and 13 days after the Debtor received her discharge – Mr. Ochoa filed a complaint against the Debtor in the Circuit Court of McHenry County, Illinois to recover the amount loaned to the Debtor. (the "State Court Complaint"). This suit was assigned Case No. 18SC002595 (the "State Court Action").

17. On October 3, 2018, the Debtor was served with a copy of the summons and complaint.

18. On October 16, 2018, Counsel for the Debtor mailed Mr. Ochoa written correspondence informing him of the Debtor's Chapter 7 case and subsequent discharge.

19. Furthermore, Counsel for the Debtor demanded that Mr. Ochoa immediately dismiss the State Court Action.

20. On October 25, 2018, the Debtor appeared *pro se* in the Circuit Court of McHenry County, Illinois on the State Court Action.

21. Appearing before the Honorable John D. Bolger (the "Judge"), Mr. Ochoa and the Debtor were sent to meet with the court-appointed mediator.

22. Appearing before the court-appointed mediator, Mr. Ochoa expressed his inclination to seek court costs as part of judgment.

23. As the Debtor was unwilling to mediate/resolve/settle this dispute, the Judge set the State Court Action for trial on December 6, 2018.

24. On December 6, 2018, Mr. Ochoa obtained a judgment against the Debtor and caused a wage deduction summons to be served on the Debtor's employer.

25. The wage deduction summons gave January 8, 2019, as the return date whereby the Debtor could request a hearing and challenge the wage deduction pursuant to 735 ILCS 5/12-805.

26. Subsequently, the Debtor fell victim to Mr. Ochoa's relentless harassment campaign as he called, text messaged, disparaged, and stalked the Debtor.

27. Mr. Ochoa was aware of the Debtor's Chapter 7 case, and the discharge order, when he elected to proceed against the Debtor in the State Court Action on October 25, 2018.

28. Mr. Ochoa was aware of the Debtor's Chapter 7 case, and the discharge order, when he obtained a judgment against the Debtor in the State Court Action on December 6, 2018.

29. Mr. Ochoa was aware of the Debtor's Chapter 7 case, and the discharge order, when he caused a wage deduction summons to be served on the Debtor's employer.

30. Mr. Ochoa was aware of the Debtor's Chapter 7 case, and the discharge order, when he called, text messaged, disparaged, and stalked the Debtor to collect $2,100 from the Debtor.

31. As result of Mr. Ochoa's willful violation(s) of the discharge injunction, the Debtor has experienced significant emotional distress and humiliation.

WHEREFORE, the Debtor respectfully requests the following relief:

    A.    find that Ochoa willfully violated this Court's Order of Discharge;

    B.    enjoin Ochoa from committing future violation(s) of this Court's Order of Discharge;

    C.    award actual, and punitive damages, and costs and attorneys' fees; and

    D.    award any other relief deemed appropriate and equitable.

Dated: December 21, 2018                                    Respectfully submitted,

                                                                                  */s/ Joseph Scott Davidson*

                                                                                  Joseph Scott Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com

*Counsel for Melissa Anne Parisi*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Illinois by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM//ECF users. I have mailed the foregoing document by Certified Mail®, postage prepaid, to the following non-CM/ECF participants:

> Rolando J. Ochoa
> 3503 Turnberry Drive
> McHenry, Illinois 60050

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com

*Counsel for Melissa Anne Parisi*